WINTHROP LAND COMPANY, Appellant, v. G. H. UTLEY, Appellee.

**Agency:** COMMISSIONS: EVIDENCE. In an action to recover commissions for the sale of land by an agent, in which there was no claim that any advertisement of the land which the agent made was the means of procuring a purchaser, or of placing one in communication with the owner, evidence that he advertised the property for sale was immaterial.

**Same:** AGENCY CONTRACT: PERFORMANCE. The mere fact that the agent urged a prospective buyer to look at the owner's farm, concerning which he already had full knowledge, was not a showing of the farm within the provisions of the agency contract, obligating the owner to pay a commission in case of a sale to any person to whom the agent might show the land.

**Same:** EVIDENCE: PROCURING CAUSE OF SALE. In this action the evidence is held to sustain the finding of the jury that the agent was not the procuring cause of the sale of defendant's farm.

*Appeal from Buchanan District Court*—HON. CHARLES E. RANSIER, Judge.

WEDNESDAY, MARCH 9, 1910.

ACTION to recover a stipulated commission under a

contract for sale of defendant's land. There was a verdict for defendant, and plaintiff appeals.—*Affirmed.*

*Springer & Smith* and *Cook & Cook,* for appellant.

*E. E. Hasner,* for appellee.

McCLAIN, J.—The contract under which plaintiff claims a commission for sale of defendant's land provided that plaintiff should have authority to contract for the sale and conveyance of the farm of defendant, containing one hundred and forty-five acres, at the price of $69 per acre, and that plaintiff should have for its commission any amount for which it should sell the land in excess of that price, being authorized to put any price on the property that it might see fit, not less than the price named. In this contract there was this stipulation by defendant: "I further agree that any sale of said property at any time, made by myself or said comnpay to any one to whom said company has shown said land, or with whom I have been placed in communication by said company, shall entitle said company to a compensation equal to that hereinbefore provided for, due upon making or accepting offer as herein provided, or to one dollar per acre, at said company's option, if said sale is made by me." The claim of plaintiff is that, while this contract was in force between the parties, the defendant sold his farm to one Blanchard at the price of $70 per acre, that plaintiff had shown defendant's land to Blanchard prior to defendant's sale to him, and that plaintiff thereby became entitled to a commission of $145 from defendant.

I. On the trial plaintiff offered evidence that it had advertised defendant's farm for sale. But this evidence was rejected by the court on defendant's objection. The ruling was unquestionably proper. It was wholly immaterial under the

1. AGENCY: commissions: evidence.

contract, for there was no offer to show that any advertisement was the means of procuring Blanchard as a purchaser, or served to place him in communication with defendant.

II. The court refused to give instructions asked by plaintiff with regard to a claim that plaintiff had shown the land to Blanchard, and in this we think the court committed no error. There is no evidence

2. SAME: agency contract: performance.

whatever in the record that any member of plaintiff partnership or any one acting for it ever showed the land to Blanchard or took him to look at the land. What appears without dispute in the record is that, when a member of plaintiff partnership was dealing with Blanchard in regard to the sale of his farm located in the same neighborhood as defendant's farm, said member was advised by Blanchard that defendant's farm was for sale, and that afterward, when the same member of plaintiff firm was trying to sell another farm to Blanchard, the latter was urged to buy defendant's farm at $70 per acre. Blanchard declined to look at defendant's farm, saying that he knew all about it and thought the price too high. The mere fact of urging Blanchard to look at defendant's farm, as to which he already had full knowledge, did not constitute a showing of defendant's farm within the provisions of the contract.

III. The only question submitted by the court to the jury was whether plaintiff placed defendant and Blanchard in communication with reference to the sale of

3. SAME: evidence: procuring cause of sale.

defendant's farm, which finally ended in the sale to Blanchard, and on this question the finding of the jury was for defendant. We think there was ample evidence to support this finding. There is a conflict in the evidence as to whether a representative of plaintiff at Blanchard's request made inquiry in order to learn if defendant's farm could be bought for less than $70 per acre, and communicated the fact

that it could not be bought for less to Blanchard; but it appears from the evidence, not only that Blanchard knew defendant's farm was for sale before any communication with him in regard to the matter was had by plaintiff, but also that he knew the price per acre at which it was held before that fact was known to the plaintiff, and the jury might well find under the evidence that plaintiff did not place Blanchard and defendant in communication with reference to the sale of defendant's farm.

The judgment of the trial court is *affirmed.*